IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HAROLD E. PHILHOWER, :
:
        Petitioner, :
:
    v. : Civil Action No. 16-1062-RGA
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents. :

## MEMORANDUM OPINION

Harold E. Philhower. *Pro se* Petitioner.

Maria Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

July 31, 2017
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Harold E. Philhower ("Petitioner"). (D.I. 3) The State filed a Motion to Dismiss without prejudice to allow Petitioner to exhaust state remedies in state court. (D.I. 12-1) For the reasons discussed, the Court will provide Petitioner with an opportunity to withdraw his two unexhausted ineffective assistance of counsel claims. If Petitioner fails to choose this option, the Court will dismiss his Petition without prejudice for failure to exhaust state remedies.

I.  BACKGROUND

In January 2016, a Delaware Superior Court jury convicted Petitioner of third degree rape (as a lesser included offense of second degree rape) and three counts of dealing in child pornography. (D.I. 12-1 at 1) The Superior Court sentenced him to an aggregate of 100 years of Level V incarceration, suspended after eight years for three years of Level III probation. *Id.* The Delaware Supreme Court affirmed Petitioner's conviction on October 28, 2016. *See Philhower v. State*, 150 A.3d 777 (Table), 2016 WL 6407472 (Del. Oct. 28, 2016).

On November 17, 2016, Petitioner filed a federal habeas Petition asserting four Claims, two of which allege ineffective assistance of counsel (Claims Three and Four). (D.I. 3 at 8-11) In response, the State filed a Motion to Dismiss the Petition without prejudice, because Petitioner had not filed in the Superior Court a Rule 61 motion asserting the ineffective assistance of counsel claims. (D.I. 12-1) Petitioner filed a Response, arguing that he is not procedurally barred from presenting Claims Three and Four to the Court at this point in time. (D.I. 17)

## II. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's petition for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan*, 526 U.S. at 844-45; *see Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas petition consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed petition, which is a petition containing both exhausted and unexhausted habeas claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). When a petitioner presents a district court with a mixed petition, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state remedies for the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert*, 134 F.3d at 513.

## III. DISCUSSION

The instant Petition asserts a total of four Claims: (1) the State failed to establish the *corpus delecti* independent of his statement; (2) the trial court failed to include a *corpus delecti*

jury instruction; (3) trial counsel provided ineffective assistance by failing to obtain resolution of pretrial motions; and (4) trial counsel provided ineffective assistance by failing to challenge the credibility and admissibility of the victim's statement and testimony. (D.I. 3) The State asserts, and the record reveals, that Petitioner presented Claims One and Two to the Delaware Supreme Court on direct appeal. (D.I. 12-1 at 2; D.I. 15-4 at 1-5) The State also asserts that Petitioner has not presented Claims Three and Four to any Delaware state court, because he has not filed a Rule 61 motion raising these Claims. (D.I. 12-1 at 2; D.I. 15-4 at 1-5)

Given these circumstances, the Court concludes that Petitioner has exhausted state remedies for Claims One and Two. However, Claims Three and Four will not be exhausted until Petitioner presents them to the Delaware Superior Court in a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61, and then appeals any adverse decision to the Delaware Supreme Court.[1] *See Pringle v. Carroll*, 2006 WL 1319545, at *2 (D. Del. May 15, 2006).

Based on this record, the Court concludes that the instant Petition is a mixed petition containing both exhausted and unexhausted claims. At this point, Petitioner has until November 18, 2017 to exhaust his state remedies for Claims Three and Four by filing a Rule 61 motion. (D.I. 12-1 at 4) In turn, AEDPA's one-year limitations period will not expire until late January 2018. (D.I. 12-1 at 4); *see Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999)(when a petitioner does not pursue certiorari review in the United States Supreme Court, his judgment of conviction does not become final until the expiration of the 90 day period for seeking such review). Consequently, dismissing the Petition without prejudice will not jeopardize the

---

[1] Petitioner has one year from date on which his conviction became final under state law to timely file a Rule 61 motion in the Superior Court. *See* Del. Super. Ct. Crim. R. 61(i)(1).

timeliness of a future habeas petition, provided Petitioner diligently pursues state remedies and pays attention to the one-year statute of limitations period applicable to federal habeas petitions.[3] The Court also notes that a stay of the instant proceeding is not warranted, because AEDPA's one year limitations period is not close to expiring. *See* 28 U.S.C. 2244(d)(1); *see generally Rhines*, 544 U.S. 269. Accordingly, if Petitioner does not withdraw the unexhausted ineffective assistance of counsel Claims, the Court will grant the State's Motion to Dismiss the Petition and dismiss the Petition without prejudice to provide Petitioner an opportunity to satisfy the exhaustion requirement.

## IV. CONCLUSION

For the reasons discussed, the Court will provide Petitioner with an opportunity to withdraw the unexhausted ineffective assistance of counsel Claims from the instant mixed Petition. If Petitioner fails to withdraw said Claims, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition for a Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254 without prejudice. An appropriate Order will be entered.

---

[3] Habeas petitions filed pursuant to 28 U.S. C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1),(2). Petitioner is responsible for calculating and complying with AEDPA's one-year statute of limitations.

4