IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| HAROLD E. PHILHOWER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 16-1062-RGA |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM OPINION**

Harold E. Philhower. *Pro se* Petitioner.

Katherine Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

July 25 , 2018
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently pending before the Court is Petitioner Harold E. Philhower's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3; D.I. 22) The State filed an Answer in opposition, contending that the Petition should be dismissed in its entirety. (D.I. 27) For the reasons discussed, the Court will dismiss the Petition.

## I.    BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's direct appeal,

> [t]he trial transcript reflects that the State introduced into evidence a redacted recording of [Petitioner's] statement to the police on October 6, 2014. During that statement, [Petitioner] admitted receiving three or four nude pictures on his telephone from the then thirteen-year-old victim. During the same interview, [Petitioner] also confessed to engaging in one incident of oral sex with the victim. After [Petitioner's] statement was introduced at trial through the testimony of the investigating officer, the victim testified that she had sent [Petitioner] three nude photographs of herself at [Petitioner's] request.    She testified that, after she sent the photographs, [Petitioner] acknowledged looking at them.    The victim also testified about an incident during which [Petitioner] pulled down her pants and performed oral sex on her. [Petitioner] testified at trial and denied the allegations.

*Philhower v. State*, 150 A.3d 777 (Table), 2016 WL 6407472 (Del. Oct. 28, 2016).  On January 29, 2016, a Delaware Superior Court jury found Petitioner guilty of third degree rape (as a lesser-included offense of second degree rape) and three counts of dealing in child pornography.  (D.I. 16-1 at 344-50)  The Superior Court sentenced him on May 25, 2016 to an aggregate of one hundred years of Level V incarceration. suspended after eight years, for three years of Level III probation.  (D.I. 16-1 at 374-377)  Petitioner appealed, and the Delaware Supreme Court affirmed his convictions on October 28, 2016.  *See Philhower*, 2016 WL 6407472 at *2.

The instant Petition originally asserted four claims for relief. (D.I. 3) The State filed a

Motion to Dismiss the Petition without prejudice because two of the claims raised therein were

unexhausted. (D.I. 12) The Court issued a Memorandum Opinion concluding that two claims

identified by the State were unexhausted, but provided Petitioner with an opportunity to

withdraw the unexhausted claims before dismissing his Petition. (D.I. 20 at 5) Petitioner opted

to withdraw the unexhausted claims and proceed with the remaining two claims. (D.I. 22) The

State filed an Answer asserting that the Court should deny the remaining claims as non-

cognizable or as meritless under § 2254(d). (D.I. 27) Petitioner filed a Response in opposition.

(D.I. 30)

## II.   GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

A federal court may consider a habeas petition filed by a state prisoner only "on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot grant

habeas relief for a claim challenging the validity of the petitioner's state custody unless the

petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts
> of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

2

> (ii) circumstances exist that render such process ineffective to
> protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting

3

therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's

decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained in *Harrington*, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. The Supreme Court expanded the purview of the *Richter* presumption in *Johnson v. Williams*, 568 U.S. 289 (2013). Pursuant to *Johnson*, if a petitioner has presented the claims raised in a federal habeas application to a state court, and the state court opinion addresses some but not all of those claims, the federal habeas court must presume (subject to rebuttal) that the state court adjudicated the unaddressed federal claims on the merits. *Id.* at 298-301. The consequence of this presumption is that the federal habeas court will then be required to review the previously unaddressed claims under § 2254(d) whereas, in the past, federal habeas courts often assumed "that the state court simply overlooked the federal claim[s] and proceed[ed] to adjudicate the claim[s] *de novo*." *Id.* at 292-93.

5

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner's timely filed § 2254 Petition asserts the following two grounds for relief: (1) the State failed to establish the *corpus delicti* of the crimes for which Petitioner was convicted independent of his extra-judicial statement; and (2) the Superior Court's failure to include a *corpus delicti* jury instruction compromised the verdict.

### A. Claim One: State's Failure to Establish *Corpus Delicti*

In Claim One, Petitioner contends that the State failed to establish the *corpus delicti* of his crimes outside of his extra-judicial confession because the victim's testimony was "coerced" or coached, rendering it insufficient to corroborate his confession. (D.I. 3 at 5; D.I. 30 at 4) The Delaware Supreme Court rejected this argument, holding that the victim's identification of Petitioner as the perpetrator amounted to "independent proof of the *corpus delicti* and was sufficient to establish every element of the charged offenses." *Philhower*, 2016 WL 6407472, at *2.

The *corpus delicti* rule (or "body of a crime" rule) is "[r]ooted in English common law," and its purpose was to guard "against convictions for imaginary crimes by requiring prosecutors

6

to demonstrate through independent evidence that the **crime** occurred before they could use an accused's own statements to establish guilt." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010) (emphasis added). In *Opper v. United States*, 348 U.S. 84 (1954), the Supreme Court abandoned the traditional *corpus delicti* rule and adopted the "trustworthiness doctrine,"[1] requiring confessions and admissions to be corroborated by "substantial independent evidence which would tend to establish the trustworthiness of the **statement**." *Opper*, 348 U.S. at 93 (emphasis added). Pursuant to *Opper*'s trustworthiness doctrine, it "is sufficient if the corroboration [of the defendant's confession] supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt." *Id.* Notably, "direct proof of the corpus delicti is not required; the evidence may even be collateral to the crime itself." *Harris*, 938 F.2d at 409-410.

As a preliminary matter, the Court is not persuaded that Petitioner's *corpus delicti* argument asserts an issue cognizable on federal habeas review. "All American jurisdictions have some form of a rule requiring corroboration of at least some out-of-court statements by the accused otherwise admissible against that accused in a criminal prosecution. The rule has sometimes been incorporated into statute or court rule. Constitutional considerations, however, most likely do not demand it." 1 McCormick on Evidence, § 145 (Kenneth S. Broun, ed., 7th ed. 2016). Delaware's "*corpus delicti* rule is intended to prevent individuals from being convicted of a crime by confession when there is no other evidence that a crime has been committed."

---

[1] *See Gov't of Virgin Islands v. Harris*, 938 F.2d 401, 410 (3d Cir. 1991).

7

*McDonald v. State*, 147 A.3d 748 (Table), 2016 WL 4699155, at *3 (Del. Sept. 7, 2016) (internal citations omitted). "Although there must be evidence of the crime independent of a confession, the evidence corroborating the confession need not be conclusive or extensive. 'Some evidence' of the *corpus delicti* is sufficient if the independent evidence taken together with the confession proves the defendant committed the crime beyond a reasonable doubt. Independent evidence may be circumstantial to corroborate a confession." *Id.*

Significantly, the federal circuit courts (Third, Fifth, and Eighth Circuits) reviewing *corpus delicti* rules similar to Delaware's (*i.e.*, those requiring corroboration of a confession by independent evidence) have held that those rules did not have constitutional import. *See Evans v. Luebbers*, 371 F.3d 438, 442 (8th Cir. 2004) ("Missouri's particular formulation of the *corpus delicti* rule [requiring some independent proof of a crime] is of an evidentiary nature and we may not review any evidentiary rulings unless they implicate federal constitutional rights."); *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998) ("Texas' corpus delicti requirement is not constitutionally mandated."); *Hayward v. Johnson*, 508 F.2d 322, 330 n.28 (3d Cir. 1975) ("the corpus delicti rule has never been termed a constitutional requirement."). In turn, "[s]tate courts are the ultimate expositors of state law,"[2] and claims based on errors of state law are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). By challenging the Delaware Supreme Court's dismissal of his *corpus delicti* argument, Petitioner is, in essence, challenging the Delaware Supreme Court's application of state law. Therefore, the Court will dismiss Claim One for failing to assert an issue cognizable on federal habeas review.

---

[2]*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

Nevertheless, even if the Court were to view the *corpus delicti* challenge in Claim One as asserting an issue cognizable on federal habeas review, the argument would not warrant relief. The Delaware Supreme Court follows the "trustworthiness doctrine" set forth in *Opper*,[3] except that the State is only required to establish "some independent proof" tending to establish the trustworthiness of the statement, not "substantial independent evidence." *See Jenkins v. State*, 401 A.2d 83, 86 (Del. 1979) (noting that Delaware Supreme Court rejected federal requirement of "substantial independent evidence" for a "more flexible rule requiring only 'some' independent proof.'"). According to Petitioner, Delaware's "blatant rejection of federal law" (*i.e.,* the "substantial independent evidence" requirement in *Opper*'s trustworthiness doctrine) demonstrates that the Delaware Supreme Court's denial of Claim One was contrary to clearly established federal law and violated his due process rights. (D.I. 30 at 2) For the following reasons, the Court rejects his argument.

In this case, the State presented independent evidence through the testimony of the victim describing how she sent nude photos of herself to Petitioner's cell phone at his request, and also describing an occasion where Petitioner performed oral sex on her. She testified that she was younger than 14 years old when these incidents occurred. Applying well-settled Delaware precedent that "a victim's testimony alone, concerning alleged sexual contact, is sufficient to

---

[3]*See Wright v. State*, 953 A.2d 188, 192 (Del. 2008) ("The 'trustworthiness' approach to the *corpus delicti* rule remains the law in Delaware for all prosecutions that do not involve compound crimes.").

support a guilty verdict if it establishes every element of the offense charged,"[4] the Delaware Supreme Court held that the victim's testimony established every element of the charged offenses. The Delaware Supreme Court also held that the victim's identification of Petitioner as the perpetrator constituted independent proof of the *corpus delicti*. On habeas review, the Court is bound by the Delaware Supreme Court's interpretation of Delaware law unless its interpretation is so arbitrary and capricious that it violates due process. *See Bradshaw v. Richey*, 546 U.S. 40, 50 (2005). Nothing in the record indicates that the Delaware Supreme Court arbitrarily and capriciously interpreted Delaware's *corpus delicti* rule when it determined that the victim's testimony constituted substantial independent evidence to establish the trustworthiness of Petitioner's confession. In fact, the Delaware Supreme Court's finding that the victim's testimony independently established every element of the charged offenses satisfies *Opper*'s "substantial independent evidence" standard to establish the trustworthiness of Petitioner's confession. *Cf. United States v. Wilson*, 436 F.2d 122, 124 (3d Cir. 1971) ("In order to corroborate a confession or admission, it is unnecessary for the prosecutor to introduce substantial independent evidence of each element of the offense with which the defendant is charged."). For these reasons, to the extent Petitioner's *corpus delicti* challenge is cognizable on habeas review, the Court will deny it because the Delaware Supreme Court's decision was neither contrary to, nor an unreasonable application of, *Opper*.

---

[4]*See Farmer v. State*, 844 A.2d 297, 300 (Del. Mar. 9, 2004); *see also Styler v. State*, 417 A.2d 948, 950 (Del. 1980) (holding that the uncorroborated testimony of a rape victim, if believed by the jury, is sufficient to support a conviction).

Finally, although the Petition does not raise a separate argument based upon insufficient evidence, Petitioner's allegations arguably raise such a claim. This interpretation of Claim One is reasonable because *corpus delicti* challenges in Delaware are reviewed under the same standard used to review challenges to the sufficiency of the evidence, namely, "whether a rational trier of fact, considering the evidence in the light most favorable to the prosecution, could find the essential elements of the offense beyond a reasonable doubt." *Wright v. State*, 953 A.2d 188, 194 (Del. 2008). Since the Delaware Supreme Court held that the victim's testimony was sufficient to support Petitioner's convictions, the Court will review the challenge to the sufficiency of the evidence in Claim One under § 2254(d)(1) to determine if the Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established federal law.

The clearly established federal law governing Petitioner's challenge to the sufficiency of the evidence is the standard articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. Additionally, "a federal habeas court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. However, it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Id.*

11

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Delaware Supreme Court did not specifically cite *Jackson* when affirming the Superior Court's decision. However, since it applied a standard identical to the one articulated in *Jackson*, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Fahy v. Horn,* 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established federal law because it appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams,* 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court also concludes that the Delaware Supreme Court's decision constituted a reasonable application of *Jackson*, because the evidence in this case was sufficient to support the jury's guilty verdicts for third degree rape and dealing in child pornography. In order to prove third degree rape, the State had to show that Petitioner engaged in sexual intercourse with the victim while she was under the age of 14 and Petitioner was 19 years old or older. *See* 11 Del. C. § 771(a)(1). Delaware's definition of sexual intercourse includes any act of cunnilingus (meaning any oral contact with female genitalia). *See* 11 Del. C. §§ 761(b), (g)(2). As previously discussed, in Delaware, "a victim's testimony alone, concerning alleged sexual contact, is sufficient to support a guilty verdict if it establishes every element of the offense charged." *Farmer,* 844 A.2d at 300. Here, the State established the elements of third degree rape through the victim's testimony describing an incident that occurred before her 14th birthday where Petitioner put his mouth in her vagina. The State provided additional proof establishing

the elements of third degree rape by presenting a Petitioner's taped police statement where he admitted he had oral sex with the victim.

In order to prove dealing in child pornography, the State had to show that Petitioner intentionally accessed, transmitted, received, exchanged, disseminated, stored, reproduced, or otherwise possessed a photograph, image, or other visual depiction of the victim, that the victim was under the age of 14 at the time, and that the image showed her engaged in a prohibited sexual act. *See* 11 Del. C. § 1109(4). Under Delaware law, a "prohibited sexual act" includes nudity, if for the purpose of sexual stimulation or gratification. *See* 11 Del. C. § 1100(7)(i). Once again, the State established the elements of the three charges of dealing in child pornography through the victim's testimony that, at Petitioner's request and before her 14th birthday, she sent Petitioner three nude photographs of herself – a full body picture, a picture of her breasts, and a picture of her vagina. The State provided additional proof establishing the elements by presenting Petitioner's taped police statement where he admitted to having received three nude pictures from the victim. Thus, based on the foregoing, the Court concludes that the Delaware Supreme Court's denial of Claim One was not contrary to, or an unreasonable application of, *Jackson*.

To the extent Petitioner's contention is that the victim's statement and testimony were coerced or coached and, therefore, unreliable and insufficient to corroborate his taped police statement, the argument is also unavailing. On direct appeal, Petitioner contended that the victim's statement and testimony could not be used as corroborating evidence because they were "coerced" as a result of police feeding her the facts from Petitioner's police statement. Since Petitioner did not present this argument to the Superior Court during his criminal trial, the

13

Delaware Supreme Court only reviewed the argument for plain error under Delaware Supreme Court Rule 8. *See Philhower*, 2016 WL 6407472, at *2. By applying the procedural bar of Rule 8, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984) that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claim is not reviewed. *See Campbell v. Burris,* 515 F.3d 172, 182 (3d Cir. 2008).

Petitioner does not allege, and the Court cannot discern, any cause for his failure to raise the issue of coercion and/or the unreliability of the victim's testimony during his trial. Petitioner also cannot establish prejudice, because a challenge to a witness' credibility goes to the weight to be accorded to the witness' testimony by the jury, not to its admissibility,[5] and assessing the credibility of witnesses is beyond the scope of federal habeas review. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Finally, the miscarriage of justice exception to the procedural default doctrine is inapplicable, because Petitioner has not provided any new reliable evidence of his actual innocence. Thus, the Court will deny Petitioner's challenge to the reliability of the victim's testimony as procedurally barred.

In short, for all of the reasons set forth above, the Court will deny Claim One in its entirety.

---

[5]*See Murray*, 477 U.S. at 493-94.

14

**B. Claim Two: Jury Instruction on *Corpus Delicti***

In Claim Two, Petitioner argues that the Superior Court's failure to instruct the jury on Delaware's *corpus delicti* rule compromised the jury's verdict. (D.I. 3 at 7) In his Response to the State's Answer, Petitioner further explains that "a fairminded jurist would have likely found enough reasonable doubt to acquit the petitioner had [the jury] been informed of the need for 'substantial evidence independent of a confession' to convict." (D.I. 30 at 6) Although Petitioner presented this argument on direct appeal, the Delaware Supreme Court did not address it. Given the Delaware Supreme Court's adjudication of Petitioner's other *corpus delicti* argument, and its reference to the jury as the "sole judge of the credibility of the witnesses,"[6] the Court presumes that Claim Two was adjudicated on the merits. *See Johnson*, 568 U.S. at 293. Thus, to the extent the instant argument is reviewable, such review will be pursuant to the deferential standard provided in § 2254(d). *Id.*

However, claims involving jury instructions in state criminal trials are matters of state law, and generally, are only cognizable on federal habeas review if the instructions are so fundamentally unfair that they deprive the petitioner of a fair trial and due process. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982); *Estelle*, 502 U.S. at 71-72 ("[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief."). On federal habeas review, the relevant question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violated due process

---

[6]*See Philhower*, 2016 WL 6407472 at *2.

15

..., not merely whether the instruction is undesirable, erroneous, or even universally condemned." *Martin v. Warden, Huntingdon State Correctional Inst.,* 653 F.2d 799, 809 (3d Cir.1981).

The due process clause requires that the jury be instructed on the necessity of proof beyond a reasonable doubt of every fact necessary to constitute the elements of a crime,[7] and it is violated only where "the erroneous instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law." *Smith v. Horn,* 120 F.3d 400, 416 (3d Cir. 1998). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," and "the significance of the omission of [] an instruction may be evaluated by comparison with the instructions that were given." *Henderson,* 431 U.S. at 155. When determining if a jury instruction violated due process, the instruction must not "be judged in artificial isolation but must be viewed in the context of the overall charge." *Martin,* 653 F.2d at 809–10. "Even if there is some ambiguity, inconsistency, or deficiency in the instruction, such an error does not necessarily constitute a due process violation. Rather, the defendant must show both that the instruction was ambiguous and that there was 'a reasonable likelihood' that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad,* 555 U.S. 179, 190 (2009). Further, a habeas petitioner challenging a state court jury instruction must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." *Johnson v. Rosemeyer,* 117 F.3d 104, 110 (3d Cir. 1997).

_____

[7] *See Cool v. United States,* 409 U.S. 100, 104 (1972).

Here, Petitioner does not identify any requirement under federal or constitutional law that a jury instruction on *corpus delicti* was required in his case, and he does not demonstrate that the lack of a *corpus delicti* instruction deprived him of a defense provided to him under federal or constitutional law. Consequently, to the extent Petitioner challenges the correctness of the Superior Court's failure to instruct the jury on Delaware's *corpus delicti* rule, the Court is not persuaded that the instant jury instruction claim presents an issue cognizable on federal habeas review.

Nevertheless, if Claim Two should be viewed as raising a cognizable constitutional claim, the Court finds that the absence of an instruction on *corpus delicti* did not violate Petitioner's due process rights. Reviewing the evidence presented in conjunction with the jury instructions demonstrates that the instructions provided by the Superior Court did not relieve the State of its burden to prove the essential elements of third degree rape and dealing in child pornography. The following evidence was presented during Petitioner's trial. The owner of the karate studio where both Petitioner and the victim were students testified that he saw Petitioner and the victim engaged in an embrace and kissing outside the rear of the building. (D.I. 15-1 at 5) The owner explained he was concerned because the victim was thirteen years old and Petitioner was an adult. He described how the two broke off and ran away. The owner called Petitioner, and found Petitioner's explanation that the victim was merely demonstrating a karate move to be ludicrous. (D.I. 15-1 at 5) The owner also called the victim's father, Child Protective Services, and the police. *Id.* The victim's father testified that Petitioner approached him and said the owner might have misconstrued what he saw occur between Petitioner and the

17

victim behind the building. The father testified that he questioned his daughter and that she denied anything had happened. *Id.* at 6.

The victim testified during the trial and provided a detailed account of her experience with Petitioner, including their exchange of texts, nude pictures, and sexual conversations. (D.I. 15-1 at 7) She testified that Petitioner told her to make up a story after the karate studio owner saw them. She also testified that Petitioner had digitally penetrated her vagina on two occasions and performed oral sex on her one time. *Id.* Finally, the police officer who interviewed Petitioner explained how, at the beginning of the interview, he obtained Petitioner's cell phone and passcode. During the recorded interview, Petitioner admitted that the victim sent him three or four nude photos of herself and that he had oral sex with her on another occasion in his car while parked outside the karate studio. (D.I. 15-1 at 6-7) The police officer testified about how he interviewed the victim two times. The first time, prior to Petitioner's interview, she denied anything happened. The second time, after Petitioner's interview and arrest, she said Petitioner had told her to make up a story about demonstrating karate moves outside the karate studio when, in fact, they had been kissing. *Id.* Petitioner testified that he did not have oral sex with the victim, that he did not digitally penetrate her vagina, and that he did not receive nude pictures of her. (D.I. 15-1 at 8).

As for the jury instructions, the Superior Court instructed the jury that the State had to prove each fact necessary to establish guilt beyond a reasonable doubt. (D.I. 16-1 at 289-97) In addition, the Superior Court explained that a jury may "properly find the facts of a case" from "direct and circumstantial evidence," defining "direct evidence [as including] testimony of an

18

eyewitness," and circumstantial evidence as "the proof of facts or circumstances from which the

existence or nonexistence of other facts may reasonably be inferred." (D.I. 16-1 at 297) The

Superior Court further instructed the jury:

> In this case, the parties have relied, in part, upon circumstantial
> evidence. [] To warrant a conviction on circumstantial evidence, the
> circumstances must lead you to conclude beyond a reasonable doubt
> that the accused committed the offenses charged.

(D.I. 16-1 at 298) The Superior Court also instructed the jury on the credibility of witnesses:

> You are the sole judges of the credibility of each witness and the
> weight to be given to each – testimony of each. You should take
> into consideration each witness' means of knowledge; strength of
> memory; opportunity for observation; the reasonableness or
> unreasonableness of their testimony; the consistency or
> inconsistency of their testimony; the motives actuating their
> testimony; the fact, if it is a fact, that their testimony has been
> contradicted; their bias, prejudice, or interest, if any; their manner
> or demeanor upon the witness stand; and all other facts and
> circumstances shown by the evidence which affect the credibility of
> their testimony.

(D.I. 16-1 at 299)

After considering the omission of the *corpus delicti* instruction in the context of the trial

record and the jury instructions as a whole, the Court concludes there is nothing to indicate that

the absence of a jury instruction on Delaware's *corpus delicti* rule so infected the trial with

unfairness as to violate Petitioner's due process rights. Instead, the entirety of the Superior

Court's instructions satisfied due process because they clearly and accurately stated the State's

burden of proof to establish each and every element of each crime charged beyond a reasonable

doubt. (D.I. 16-1 at 289-304) Accordingly, the Court will deny Claim Two.

19

## IV.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether
to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of
appealability is appropriate when a petitioner makes a "substantial showing of the denial of a
constitutional right" by demonstrating "that reasonable jurists would find the district court's
assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the
Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the
Court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An
appropriate Order will be entered.